**BANCROFT LAW, LLLC**
Brooks L. Bancroft, HSBA #008201
blb@bancroftlawhi.com
688 Kinoole Street, Suite 105
Hilo, Hawai'i 96720
Tel.: (808) 936-7838; Fax: (808) 270-1922

**KILPATRICK, TOWNSEND & STOCKTON LLP**
Rob Roy Smith, WSBA #33798
*Pro Hac Vice Admission Pending*
rrsmith@kilpatricktownsend.com
Stephanie Martinez, WSBA #48066
*Pro Hac Vice Admission Pending*
smartinez@kilpatricktownsend.com
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
Tel.: (206) 467-9600; Fax: (206) 623-6793

*See signature page for complete list*

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| **K.S-A**, a minor and **J.S-A**, a minor, by and through **JOSHUA DOUGLAS FRANKLIN**, as their *Guardian Ad Litem*,<br><br>Plaintiffs,<br><br>v.<br><br>**HAWAII SCHOOL DISTRICT, HILO-WAIAKEA COMPLEX; BRAD BENNETT**, in his official capacity as Superintendent of Hawaii School District, Hilo-Waiakea Complex Area and former Principal of Waiakeawaena Elementary School; | **Case No.:** _____<br><br>**COMPLAINT** |

COMPLAINT – Page 1
68215961V.1

|   |   |
|---|---|
| 1 | **ERIN WILLIAMS**, in her official capacity as Hilo Union Elementary School Principal, |
| 2 |   |
| 3 |   |
| 4 | Defendants. |

## INTRODUCTION

Public school should be the one place that is safe and free from gender-based discrimination for the children of any openly gay parent. Only here, two Native Hawaiian minor children were repeatedly harassed and subject to hate speech such as "fag" and "queer", taunted with "you want to come and get our cocks?", and told that they and their father are "going to hell." Despite the persistent and pervasive gender-based student-on-student harassment, the administration of the Hilo-Waiakea Complex Area and the two public elementary schools involved, Hilo Union and Waiakeawaena, completely failed to redress, investigate or take adequate steps to prevent the harassment in violation of Federal law and Hawaii Department of Education Policy.

Plaintiffs bring this action to redress (1) a hostile educational environment pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a), and (2) the deprivation of Plaintiffs' constitutional rights under 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution, both suffered as a result of persistent and pervasive gender-based harassment at school. By bringing this action, Plaintiffs seek, among other things, to eliminate the hostile and intolerant climate within the schools through policy reform, and to compel school officials to respond appropriately to complaints of harassment by students who are gay or who are perceived to be gay.

## PARTIES

1. Plaintiffs are K.S-A, a Native Hawaiian minor child aged 10 years, and J.S-A, a Native Hawaiian minor child aged nine years, by and through Joshua

COMPLAINT – Page 2
68215961V.1

KILPATRICK, TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 467-9600

Douglas Franklin, their biological father, as their *Guardian Ad Litem*. A Motion for Appointment of Guardian Ad Litem pursuant to Fed. R. Civ. P. 17(c) is filed herewith.

2. Plaintiffs are perceived by other students to be gay or bisexual, or identify with being gay or bisexual.

3. Defendant Hawaii School District, Hilo-Waiakea Complex Area, is part of the state-wide education system, which is divided into seven Districts; each District subdivided into Complex Areas; each Complex Area includes at least one Complex; and each Complex comprises high schools and the middle and elementary schools that feed into them. Waiakeawaena Elementary School and Hilo Union Elementary School are part of the Hilo-Waiakea Complex.

4. Defendant Brad Bennett is presently Superintendent of Hawaii School District, Hilo-Waiakea Complex Area. Defendant Bennett is or was the Principal at Waiakeawaena Elementary School at the time of the harassment. Defendant Bennett is sued in his official capacity.

5. Defendant Erin Williams is or was at all times relevant Hilo Union Elementary School Principal. Defendant Williams is sued in her official capacity.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 as the causes of action arise under the Constitution and laws of the United States, and this is a civil action authorized by law to be brought by any person to redress the deprivation, under color of any State Law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

COMPLAINT – Page 3
68215961V.1

KILPATRICK, TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 467-9600

7. The Court has personal jurisdiction over each defendant for reasons including, but not limited to: each Defendant resides in and/or conducts business in the State of Hawaii and the underlying facts arose from actions occurring within the District.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(2) because all parties reside in Hawaii, and the wrongful acts alleged herein occurred in the jurisdiction of the United States District Court for the District of Hawaii.

## FACTS

9. For the better part of four years, the Native Hawaiian minor children named in this action have been subjected to ongoing pervasive harassment in Hawaii public elementary schools on the basis of perceived sexual orientation and the failure to conform to gender stereotypes. School administrators failed to adequately address this harassment.

10. At all times relevant, Plaintiffs were enrolled at either Hilo Union Elementary School or Waiakeawaena Elementary School.

11. At all relevant times, the schools receive federal funding, as contemplated by Title IX, 20 U.S.C. § 1681, *et seq*.

12. K.S-A and J.S-A have been subjected to a steady stream of verbal abuse and harassment from other students. Among other things, K.S-A and J.S-A have been called: "gay", "faggot", "fag", "queer", and "pussy." One student told K.S-A that his whole family is a "bunch of whores" and are "going to hell."

13. K.S-A has been told by another student that he "sucks dick just like his father."

14. This persistent harassment is often done in the presence of Defendants and Defendants' staff members, who fail to take appropriate or required action and minimize the hate speech as mere "name-calling."

COMPLAINT – Page 4
68215961V.1

KILPATRICK, TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 467-9600

15. For example, on May 15, 2014, K.S-A was called a "faggot" by another student in the presence of school teacher Valentine. K.S-A, who was crying and distraught by the harassment, was placed in a corner by Valentine. K.S-A was blamed for the conduct of the other student by Valentine.

16. K.S-A informed Valentine of the incident, but Valentine took no action. Valentine failed to make a report or call the harassing student's parents, condoning the harassing conduct.

17. For example, in December 2014, K.S-A was called a "faggot" and a "queer" by another student in the presence of school teacher Elloso, which resulted in many students in a classroom chanting "K.S-A is going to hell" and "K.S-A's whole family are gays and queers and are going to hell."

18. In response, Elloso told K.S-A to "get out of [her] class." K.S-A was, again, blamed for the conduct. None of the harassing students were disciplined, again condoning the harassing conduct.

19. After the incident, K.S-A was in tears, and Elloso walked K.S-A to the counselor's office. On the way there, Elloso told K.S-A "maybe these things wouldn't happen if you believed in God."

20. On April 1, 2015, K.S-A was harassed by three students on Hilo Union's campus who said that he is gay because his dad is gay and "you want to come and get our cocks." The next day Guardian Ad Litem Franklin met with the Hilo Union Principal Erin Williams to discuss the situation. Williams told Guardian Ad Litem Franklin that there was nothing she could do.

21. On April 6, 2015, Valerie Takata, the Superintendent for the Hilo-Waiakea Complex,[1] sent a letter to all parents and guardians of students in the Hilo-Waiakea Complex purporting to address the harassment faced by Plaintiffs.

---

[1] Ms. Takata has since retired.

COMPLAINT – Page 5
68215961V.1

KILPATRICK, TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 467-9600

In the letter, Takata admits knowledge of the harassment suffered by Plaintiffs. Contrary to Hawaii Board of Education Policy, Takata's letter completely ignored the issues of gender-based discrimination and hate speech, as well as Defendants' obligations under Federal law, focusing instead on Hawaii Administrative Rules § 8-19 relating to "bullying."

22. In a meeting held on April 15, 2015, District Ed Specialist for the Hilo-Waiakea Complex Area Kate Tolentino and Personnel Regional Officer Larry Kaliloa reiterated the position taken in Takata's letter. Tolentino and Kaliloa told Guardian Ad Litem Franklin that, notwithstanding the letter, staff was in need of training on these issues and that there were larger issues that needed to be addressed that were not their responsibility.

23. In many of the instances of harassment, K.S-A and J.S-A received punishment. For example, K.S-A has been reprimanded for pushing children and being disrespectful in the face of persistent harassment by other students. As early as October 2012, Hilo Union Elementary officials were aware based on a Social/Family Assessment report that K.S-A acts out in school because he is being bullied over his father's sexual orientation and what other students perceive to be K.S-A's sexual affiliation. Yet, because such harassment is handled on a "case by case" basis at the "discretion" of the Principal and teachers, there is no protection offered for Plaintiffs.

24. On or about May 4, 2015, K.S-A and J.S-A enrolled at Waiakeawaena Elementary School.

25. On May 15, 2015, K.S-A was called a "faggot" by another student. No action was taken against the student.

26. On May 22, 2015, Department of Education Superintendent Katheryn S. Matayoshi sent a letter to "All Department of Education Employees" acknowledging that "Gender based discrimination is a form of sex discrimination

COMPLAINT – Page 6
68215961V.1

KILPATRICK, TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 467-9600

under Title IX" and that "Failure to protect against such harassment is a violation of Title IX . . . [and] could result in a civil rights violation and exposure to money damages."

27. Defendants have failed to stop anti-gay remarks, and have responded with inadequate and/or no disciplinary action.

28. K.S-A and J.S-A fear the harassment is not going to stop.

29. The education environment created by Defendants' conduct was so bad that K.S-A and J.S-A were forced into home schooling with their father, Guardian Ad Litem Franklin, and then, subsequently to a Charter school far from their father's home. This, in turn, created stress for the family as Guardian Ad Litem Franklin was not able to work at his job for six-months because of the two-hour commute for the sake of K.S-A and J.S-A, resulting in approximately $40,000 of wage loss.

30. Plaintiff Guardian Ad Litem removed his sons from the schools because he felt as if they were in danger emotionally, and physically, as a result of the persistent harassment and the Defendants' failure to act.

31. Defendants' actions and inactions violate the Fourteenth Amendment to the United States Constitution and Title IX of the Education Amendments of 1972. Defendants' actions and inactions demonstrate gender-based harassment that deprived Plaintiffs of access to educational opportunities and Plaintiffs' constitutional rights and failed to provide Plaintiffs with a safe environment for learning.

32. Unless and until enjoined by this Court, Defendants will continue to violate Plaintiff's rights to nondiscriminatory treatment on the basis of gender in violation of the Fourteenth Amendment to the United States Constitution and Title IX.

COMPLAINT – Page 7
68215961V.1

KILPATRICK, TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 467-9600

## CAUSES OF ACTION

## FIRST CLAIM FOR RELIEF
### (Violation Of Civil Rights)

33. Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681(a), states that "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefit of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance. . . ."

34. Title IX is implemented through the Code of Federal Regulations at 34 C.F.R. Part 106. The regulations at 34 C.F.R. § 106.8(b) provides: ". . . A recipient shall adopt and publish grievance procedures providing for prompt and equitable resolution of student and employee complaints alleging any action which would be prohibited by this part."

35. The United States Department of Education Office of Civil Rights recognizes that harassment based on sex, sex-stereotyping, harassment on the status of LGBT status and gender based harassment—which may include acts of verbal, non-verbal, or physical aggression, intimidation or hostility—qualifies as gender-based discrimination under Title IX. The actual or perceived sexual orientation or gender identity of the parties does not change a school's obligations.

36. Gender based harassment, which depends on a constellation of surrounding circumstances, expectations and relationships, includes the harassment perpetrated against Plaintiffs.

37. A recipient of federal educational funds intentionally violates Title IX, and is subject to a private damages action, where the recipient fails to take prompt and effective steps reasonably calculated to end the sexual violence, eliminate the hostile environment, prevent its recurrence, and, as appropriate, remedy its effects,

KILPATRICK, TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 467-9600

or is "deliberately indifferent" to acts of both teacher-student discrimination and student-student discrimination.

38. Plaintiffs suffered gender-based harassment that was severe, pervasive, and objectively offensive.

39. The gender-based harassment deprived Plaintiffs of access to the educational opportunities and benefits of school.

40. Defendants created and/or subjected Plaintiffs to a hostile educational environment in violation of Title IX because: (a) Plaintiffs are a member of a protected class; (b) Plaintiffs were subjected to gender-based harassment; and (c) Plaintiffs were subjected to a hostile educational environment created by the School District's lack of policies and procedures and/or failure to properly investigate and/or address the harassment under existing policy and staff training methods.

41. Defendants had the authority to take remedial action to correct the gender-based harassment.

42. Defendants had actual knowledge of the gender-based harassment.

43. Defendants failed to take immediate, effective remedial steps to resolve the complaints of gender-based harassment.

44. Defendants failed to follow Hawaii Board of Education Policy No. 4211 which "strictly prohibits discrimination, including harassment, by any employee against a student based on the following protected classes: race, color, national origin, sex, physical or mental disability, and/or religion . . . [and] any form of harassment and/or bullying based on the following: gender identity and expression, socio-economic status, physical appearance and characteristic, and sexual orientation. A student shall not be excluded from participation in, be denied the benefits of, or otherwise be subjected to harassment, bullying, or discrimination under any program, services, or activity of the Department of Education."

COMPLAINT – Page 9
68215961V.1

KILPATRICK, TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 467-9600

45. Defendants' failure to take any steps to investigate and stop the harassment shows deliberate indifference to the gender-based harassment.

46. Defendants' failure to take any steps once they knew remedial measures were inadequate shows deliberate indifference to the gender-based harassment.

47. Defendants engaged in a pattern and practice of behavior that discourages and dissuades students and parents of students who had been subject to gender-based harassment from reporting the incidents and seeking protection.

48. Defendants failed to take steps to clearly communicate that Defendants do not tolerate gender-based harassment and to eliminate the hostile educational environment faced by Plaintiffs.

49. Defendants failed to adequately train teachers and students about policies prohibiting harassment on the basis of sexual orientation.

50. Plaintiffs have suffered and will continue to suffer irreparable harm caused by Defendants' actions and omissions that reduce Plaintiffs' education opportunities.

51. Plaintiffs request that this Court provide relief that ensures they receive equal access to an educational environment free from harassment and discrimination.

## SECOND CLAIM FOR RELIEF
(Violation of 42 U.S.C. § 1983 and Equal Protection)

52. The Fourteenth Amendment to the United States Constitution provides in pertinent part that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

53. 42 U.S.C. § 1983 provides that "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United

COMPLAINT – Page 10
68215961V.1

KILPATRICK, TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 467-9600

States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

54. Plaintiffs have the right to equal access to an educational environment free from harassment and discrimination.

55. Freedom from intentional discrimination is a well-recognized constitutional right. Plaintiffs have an indisputable liberty interest.

56. Defendants, at all times relevant, were acting under color of state law.

57. Defendants knew or should have known that their response to gender based harassment allegations must comply with federal law as outlined in Title IX.

58. Defendants' response or lack of response to the complaints of student-on-student gender based harassment denied Plaintiffs equal protection.

59. On information and belief, Defendants treated Plaintiffs' complaints of harassment differently from other types of harassment.

60. Defendants actions and omissions constitute unlawful disparate treatment of Plaintiffs as a result of Plaintiffs' father's sexual orientation.

61. Defendants have violated, and continue to violate, Plaintiffs' constitutionally protected rights.

62. Defendants have demonstrated a deliberate indifference to the discrimination they have perpetuated through their actions and omissions.

63. Defendants have acted, and continue to act, to deny Plaintiffs' equal protection of the laws.

64. Plaintiffs have suffered and will continue to suffer foreseeable irreparable harm caused by Defendants' actions and omissions that reduce Plaintiffs' education opportunities.

COMPLAINT – Page 11
68215961V.1

KILPATRICK, TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 467-9600

65. Plaintiffs request that this Court provide relief that ensures they receive equal access to an educational environment free from harassment and discrimination.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs hereby respectfully demand and pray for the following relief:

1. For a declaration that Defendants have denied Plaintiffs the equal protection of the laws in violation of the Fourteenth Amendment to the United States Constitution;

2. For a declaration that Defendants have discriminated on the basis of gender by failing to provide the benefits of educational activities and services to Plaintiffs in a nondiscriminatory manner in violation of Title IX of the Education Amendments of 1972;

3. For an injunction providing remedies for past gender-based discrimination, requiring Defendants adhere to Hawaii Department of Education policy, establishment of consistent protocols, and preventing Defendants from continuing to discriminate against Plaintiffs;

4. For an award of damages in an amount to be proven at trial;

5. For an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

6. For such other and further relief as the Court deems just, equitable and proper.

DATED this 26 day of February, 2016.

BANCROFT LAW, LLLC

By: _____
Brooks L. Bancroft, HSBA #008201
blb@bancroftlawhi.com
688 Kinoole Street, Suite 105
COMPLAINT – Page 12
68215961V.1

KILPATRICK, TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 467-9600

Hilo, Hawai'i 96720
Telephone: (808) 936-7838
Facsimile: (808) 270-1922

**KILPATRICK, TOWNSEND & STOCKTON LLP**

Rob Roy Smith, WSBA #33798
  *Pro Hac Vice Admission Pending*
rrsmith@kilpatricktownsend.com
Stephanie Martinez, WSBA #48066
  *Pro Hac Vice Admission Pending*
smartinez@kilpatricktownsend.com
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
Telephone: (206) 467-9600
Facsimile: (206) 623-6793

Scott Kolassa, Ca Bar No. 294732
  *Pro Hac Vice Admission Pending*
skolassa@kilpatricktownsend.com
1080 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 324-6349
Facsimile: (650) 618-1544

Christina M. Gattuso, D.C. Bar No. 445877
  *Pro Hac Vice Admission Pending*
cgattuso@kilpatricktownsend.com
607 14th Street, NW, Suite 900
Washington, DC 20005-2018
Telephone: (202) 508-5884
Facsimile: (202) 204-5611

*Attorneys for Plaintiffs*

COMPLAINT – Page 13
68215961V.1

KILPATRICK, TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 467-9600