IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

K.S-A, a minor and J.S-A, a minor )
by and through Joshua Douglas )
Franklin, as their Guardian Ad )
Litem )
 )
              Plaintiffs, )
v. ) Civ. No. 16-00115 ACK-KJM
 )
Hawaii School District )
 )
             Defendant. )

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FILED ON AUGUST 22, 2017

For the reasons set forth below, the Court GRANTS Defendant's Motion to Dismiss First Amended Complaint Filed on August 22, 2017, ECF No. 73. The Court dismisses the First Amended Complaint WITHOUT PREJUDICE.

### PROCEDURAL BACKGROUND

On March 15, 2016, Plaintiffs K.S-A, a Native Hawaiian minor child aged 10 years old, and J.S-A, a Native Hawaiian minor child aged nine years old ("Plaintiffs"), by and through Joshua Douglas Franklin, their biological father, as their Guardian Ad Litem filed a Complaint against Hawaii School District, Hilo-Waiakea Complex, Brad Bennett, and Erin Williams.[1]

---

[1] Defendant's Motion states that Plaintiffs previously filed a similar lawsuit in state court on August 7, 2015, which was
(continued . . .)

1

ECF No. 1. On the same date, Plaintiffs also filed a Motion to Appoint Guardian Ad Litem. ECF No. 6. On March 23, 2016, Magistrate Judge Barry M. Kurren granted that Motion. ECF No. 23. On May 13, 2016, Hawaii School District, Hilo-Waiakea Complex, Brad Bennett, and Erin Williams filed an Answer to the Complaint. ECF No. 33.

On July 7, 2017, Plaintiffs filed a Motion to Amend the Complaint, ECF No. 66, which Magistrate Judge Kenneth Mansfield[2] granted on August 21, 2017.[3] ECF No. 71. On August 22, 2017, Plaintiffs filed their First Amended Complaint ("FAC") solely against Defendant Hawaii School District. ECF No. 72. On September 1, 2017, Defendant filed a Motion to Dismiss First Amended Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) ("Motion"). ECF No. 73. On November 22, 2017, Plaintiffs filed an Opposition to Defendant's Motion to Dismiss ("Opposition"). ECF No. 90. On December 4, 2017, Defendant filed a Reply to Plaintiffs' Opposition ("Reply").

---

dismissed on December 3, 2015 without prejudice. Motion at 1-2. Defendant does not explain why this case was dismissed.

[2] This case was reassigned from Magistrate Judge Kurren to Magistrate Judge Mansfield on April 1, 2016. ECF No. 24.

[3] The briefing on the Motion for Leave to Amend the Complaint discussed the issue of whether Hawaii School District is the proper party in this case. Magistrate Judge Mansfield, however, did not rule on this issue when deciding Plaintiffs' Motion for Leave to Amend.

ECF No. 92.[4]  The Court held a hearing on Defendant's Motion to Dismiss on December 18, 2017.[5]

**FACTUAL BACKGROUND**

The FAC alleges that Plaintiffs were enrolled at public schools within the Hawaii School District, which receive federal funding as contemplated by Title IX, 20 U.S.C. § 1681. FAC ¶ 9.  Plaintiffs further allege that they are perceived by other students to be gay or bisexual or to identify with being gay or bisexual.  Id. ¶ 2.  Since 2012, Plaintiffs have been subjected to ongoing pervasive harassment in Hawaii public elementary schools on the basis of their perceived sexual

---

[4] On September 18, 2017, a dispositive motions deadline of November 8, 2017 was set.  ECF No. 78.  On that date, the parties filed cross-motions for summary judgment.  ECF Nos. 84, 86.  On November 9, 2017, the Court entered a minute order noting that Defendant's motion for summary judgment appears to raise some of the same issues as its motion to dismiss. Compare ECF No. 73 with ECF No. 84.  In light of the pending motion to dismiss, the Court administratively withdrew the parties' cross-motions for summary judgment, ECF Nos. 84, 86. The Court further stated that after Defendant's motion to dismiss is resolved, the cross-motions for summary judgment shall, if appropriate, be reinstated and set for a hearing before the Court.
In light of the Court's ruling discussed herein, the parties argued that the Court could withdraw the parties' motions for summary judgment and direct the parties to refile new motions for summary judgment, if appropriate, within thirty days from the date Plaintiffs file their second amended complaint.
[5] Trial in this case is currently set for February 6, 2018. ECF No. 55.  The first pre-trial deadline is set for January 9, 2018.  Id.  At the hearing, the Court directed the parties to meet with Magistrate Judge Mansfield to schedule a new trial date and the related deadlines.

3

orientation and the failure to conform to gender stereotypes. Id. ¶ 8. Specifically, Plaintiffs have been subjected to a constant stream of verbal abuse and harassment from other students, being called a number of slurs related to their sexuality. Id. ¶ 11.

Plaintiffs allege that this persistent harassment is often committed in the presence of Defendant's administrators, teachers, and counselors who fail to take appropriate required action and instead minimize the harassment as mere name-calling. Id. ¶ 13. The FAC discusses in detail incidents that exemplify this behavior. See id. ¶¶ 14-20. In addition to this harassment, Plaintiffs have been subjected to physical violence. Id. ¶¶ 22-23.

Because of this conduct, Plaintiffs' father removed Plaintiffs from several schools on the Island of Hawaii. See id. ¶¶ 29, 34-36, 38. Before and after removing Plaintiffs from the schools at issue, Plaintiffs' father filed numerous complaints about teachers and administrators with Defendant. Id. ¶ 39. Plaintiffs allege that Defendant has failed to investigate these complaints and take action against teachers and administrators who are the subject of them. Id. Defendant has also denied Plaintiffs' father geographic exemptions for his children in retaliation for his complaints about teachers and administrators. Id. ¶ 41.

Based on the aforementioned allegations, and others, Plaintiffs allege claims for violations of: (1) civil rights under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a); (2) 42 U.S.C. § 1983 based on Plaintiffs' equal protection rights; (3) right to privacy; and (4) negligent infliction of emotional distress. Id. ¶¶ 44-92.

Most importantly, as related to this Motion, Plaintiffs allege that Hawaii School District is part of a state-wide education system, which is divided into seven Districts. Id. ¶ 3. Each District is subdivided into Complex Areas, which are further divided into at least one complex that each comprise an elementary and middle school that feed into a high school. Id. ¶ 3.

## STANDARD

### I. Rule 12(b)(1)

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a complaint based on a lack of subject matter jurisdiction. "[T]he party asserting subject matter jurisdiction has the burden of proving its existence." Robinson v. United States, 586 F.3d 683, 685 (9th Cir. 2009) (citation omitted).

A jurisdictional attack may be either facial or factual. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts

that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction.  By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."  Id.  "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment."  Id.

**II. Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The Court may dismiss a complaint either because it lacks a cognizable legal theory or because it lacks sufficient factual allegations to support a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

In resolving a Rule 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded factual allegations as true.  Sateriale v. R.J. Reynolds Tobacco Co., 697 F.3d 777, 783

6

(9th Cir. 2012). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

When the Court dismisses a complaint pursuant to Rule 12(b)(6) it should grant leave to amend unless the pleading cannot be cured by new factual allegations. OSU Student All. v. Ray, 699 F.3d 1053, 1079 (9th Cir. 2012).

## DISCUSSION

The crux of Defendant's Motion is that the "Hawaii School District" is not an entity let alone one that is capable of being sued. Defendant, therefore, argues that Plaintiffs have not stated a claim upon which relief can be granted and the Court does not have subject matter jurisdiction.[6]

---

[6] Although Defendant discusses subject matter jurisdiction and brings the Motion pursuant to both Rules 12(b)(1) and 12(b)(6), the Court finds that the core of the Motion's arguments are related to plausibility under 12(b)(6). The Court's decision on the Motion reflects this finding.

7

Under Federal Rule of Civil Procedure 17(b), the capacity to be sued is determined:

> (1) for an individual who is not acting in a representative capacity, by the law of the individual's domicile; (2) for a corporation, by the law under which it was organized; and (3) for all other parties, by the law of the state where the court is located, except that: (A) a partnership or other unincorporated association with no such capacity under that state's law may sue or be sued in its common name to enforce a substantive right existing under the United States Constitution or laws; and (B) 28 U.S.C. §§ 754 and 959(a) govern the capacity of a receiver appointed by a United States court to sue or be sued in a United States court.

Because Defendant is neither an individual nor a corporation and none of the exceptions in Rule 17(b)(3) apply, the Court looks to Hawaii state law to determine whether "Hawaii School District" has the capacity to be sued. N Grp. LLC v. Hawai'i Cty. Liquor Comm'n, 681 F. Supp. 2d 1209, 1233-34 (D. Haw. 2009) (Kay, J.). "In order for a plaintiff to sue a city department, it must 'enjoy a separate legal existence.'" Darby v. Pasadena Police Dep't, 939 F.2d 311, 314 (5th Cir. 1991) (quoting Mayes v. Elrod, 470 F. Supp. 1188, 1192 (N.D. Ill. 1979)); cf. Owyhee Grazing Assoc. v. Field, 637 F.2d 694, 697 (9th Cir. 1981) ("The [Farmers Home Administration], an unincorporated department of the federal government, is not a legal entity and may not be sued.").

Courts have noted that the State of Hawaii is unique when it comes to its public education system because "it vests the state, as opposed to local or county government, with the obligation to educate its populace." Lindsey v. Matayoshi, 950 F. Supp. 2d 1159, 1166-67 (D. Haw. 2013); see Michael P. v. Dep't of Educ., 656 F.3d 1057, 1070-71 (9th Cir. 2011) (Clifton, J., dissenting) ("Hawaii is the only state in the nation that has placed the primary responsibility for public education on the state itself. It does not operate public schools through smaller local districts . . . The Hawaii DOE . . . is the local educational agency for Hawaii.").[7] As Judge Richard Clifton in his dissent in Michael P. further states, "Hawaii has only one school district. The Hawaii DOE, together with the state Board of Education, is responsible for making policy decisions, performing administrative functions, and providing educational services directly to students." 656 F.3d at 1071. Moreover, pursuant to the Hawaii State Constitution, "[t]he State shall provide for the establishment, support and control of a statewide system of public schools[.]" Haw. Const. art. 10, § 1 (emphasis added). Furthermore, when a party named a Hawaii

---

[7] This fact is further discussed on the website for Hawaii's public schools, which states, "The Hawaii State Department of Education is the only statewide public school district in the country." Connect With Us, Hawaii State Department of Education, http://www.hawaiipublicschools.org/ConnectWithUs/Pages/home.aspx.

public charter school as a defendant, this district held that legal liability for the judgment against the charter school rested with the State of Hawaii because charter schools are part of the state's public school system. See Lindsey, 950 F. Supp. at 1167.

Haw. Rev. Stat. Chapter 302A, which codifies the education system in Hawaii, demonstrates that this system is statewide and does not feature autonomous local school districts. The Chapter's definition section defines "District" as "the state and public education system as a whole, except as used by the department for federal compliance and reporting requirements." Haw. Rev. Stat. § 302A-101.

Defendant also discusses several statutes that illustrate that the educational system in Hawaii is a statewide system. For example, Haw. Rev. Stat. § 302A-1102 states that the Department of Education "shall serve as the central support system responsible for the overall administration of statewide educational policy, interpretation, and development of standards for compliance with state and federal laws, and coordination and preparation of a systemwide budget for the public schools." Hawaii law further provides that the superintendent shall administer education programs throughout the state. See Haw. Rev. Stat. § 26-12; Haw. Rev. Stat. § 302A-1111. In addition, Haw. Rev. Stat. § 302A-1128 states, in relevant part, that the

Hawaii Department of Education ("DOE") has "entire charge and control and [is] responsible for the conduct of all affairs pertaining to public instruction in the public schools the department establishes and operates, including operating and maintaining the capital improvement and repair and maintenance programs for department and school facilities."  Furthermore, Defendant discusses Haw. Rev. Stat. § 302A-1110 which states that "school districts are established for <u>administrative purposes by the department</u>." (emphasis added).  Nowhere in Chapter 302A does the Hawaii legislature place control over public schools into autonomous districts.

Most critically, nowhere in this Chapter does it say that the administrative districts are separate legal entities that "may sue or be sued."  See <u>Darby</u>, 939 F.2d at 314 ("[U]nless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself.").  Those are precisely the terms the Hawaii legislature has consistently used in directing that a governmental entity is subject to suit.  <u>See, e.g.</u>, Haw. Rev. Stat. §§ 10-16(a) (Office of Hawaiian Affairs); 54-31 (Board of

Water Supply); 206E-4 (Hawaii Community Development Authority).[8]

The documents attached to the parties' briefing further support this interpretation. Both Defendant and Plaintiffs have submitted the DOE Plan of Organization. See Motion, Ex. A; Roy Decl. Ex. B. Plaintiffs also submit the Complex Area directory and a map of the "Hawaii District." See Roy Decl., Exs. A, C. The Court can consider these documents without converting the instant motion to dismiss into one for summary judgment, in part, because the court can take judicial

---

[8] Plaintiffs argue that school districts in Hawaii have been viewed as separate legal entities. Plaintiffs cite two cases in support of this argument—Coffield v. Territory, 13 Haw. 478 (1901) and Doe Parents No. 1 v. State of Hawai'i, Dep't of Educ., 100 Haw. 34, 58 P.3d 545 (2002)—neither of which the court finds persuasive. Coffield was decided in 1901, prior to Hawaiian statehood, and therefore before the establishment of Hawaii's statewide education system. The language that Plaintiffs quote from Doe Parents does not relate to the State of Hawaii but instead is a quote from another case, which took place in Idaho. Furthermore, the defendant in that case was the DOE and the court specifically discusses the duty the DOE owes to its students. See Doe Parents, 100 Haw. at 80, 58 P.3d at 591.
   Plaintiffs also argue that there is an overwhelming amount of case law where school districts have either brought suits or were named as defendants. Opposition at 5-6. However, the Court does not find these cases persuasive because, inter alia, none of the cases cited by Plaintiffs feature Hawaii school districts. See, e.g., Gebser v. Lago Vista Indep. Sch. Dist., 524 U.S. 274 (1998) (Texas); Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1 (2004) (California); Pierce v. Santa Maria Joint Union High Sch. Dist., 612 F. App'x 897 (9th Cir. 2015) (California); Fairfield-Suisun Unified Sch. Dist. v. California Dep't of Educ., 780 F.3d 968 (9th Cir. 2015) (California). This is a critical distinction because, as previously discussed, Hawaii has a unique education system—it is the only statewide public school system in the country.

notice of government documents available from reliable sources on the Internet, such as websites run by the government. See Gerritsen v. Warner Bros. Entm't Inc., 112 F. Supp. 3d 1011, 1033-34 (C.D. Cal. 2015).[9]

These documents illustrate that the DOE is divided into fifteen complex areas, which are each supervised by a superintendent. Motion, Ex. A. Public schools "are assigned, for administrative purposes, to complex areas of one or more school complexes, each consisting of a high school and its feeder middle and elementary schools." Id. at V-1. Under Haw. Rev. Stat. Chapter 302A, a complex area is defined as "the administrative unit that includes one or more complexes as designated by the department." Haw. Rev. Stat. § 302A-101. The fifteen complex areas are further grouped by geographical areas called districts. Id. at A-4; F-1. There are seven districts within the DOE that contain the complex areas. Id. at F-1. On the Island of Hawaii, the district is called "Hawaii District."

---

[9] The district court can consider the following without converting a motion under Rule 12(b)(6) into one for summary judgment: (1) documents attached to the complaint; (2) documents incorporated by reference into the complaint; or (3) matters of judicial notice. United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003).
The Court declines to consider the Declaration of Amy Kunz attached to Defendant's Reply in deciding the instant motion to dismiss because it was discussed for the first time in Defendant's reply, the Court dismisses the case on other grounds, and the declaration does not fit into any of the aforementioned categories.

Id.

In light of the foregoing, the Court makes several conclusions. First, "Hawaii School District" is not an entity. This entity appears nowhere in the statutes discussed by the parties or in their submissions from the DOE's website attached to their motions. The Court further notes that "Hawaii School District" does not appear in any court case in the State of Hawaii or the Ninth Circuit. Accordingly, because the "Hawaii School District" is not the proper party to be sued, Plaintiffs have not made plausible allegations on any of their claims and the Court therefore dismisses the case without prejudice.

Second, the Court finds that "Hawaii District" is not a separate legal entity that can be sued.[10] The districts have only been set up for administrative purposes and the statewide education system is run by the DOE. In addition, the Hawaii legislature has not specifically provided that the districts may sue or be sued. The Court further notes that it is unaware of any cases in Hawaii or the Ninth Circuit where any of the school districts in Hawaii were a named party.

Finally, given that "Hawaii School District" is not an entity and the "Hawaii District" is not a legal entity that can

---

[10] The Court declines to address the parties' arguments regarding whether Hawaii District receives federal funds because it dismisses the case on other grounds as discussed herein.

14

be sued, the Court finds that the State of Hawaii, Department of Education is the appropriate party to be sued in this case. See generally Campbell v. Hawaii, Dep't of Educ., Civ. No. 13-00083 DKW, 2015 WL 1608436 (D. Haw. Apr. 10, 2015); Stucky v. Hawaii Dep't of Educ., Civ. No. 06-00002 JMS-LEK, 2007 WL 602105 (D. Haw. Feb. 15, 2007); Sherez v. Hawaii Dep't of Educ., Civ. No. 04-00390JMS/KSC, 2007 WL 602097 (D. Haw. Feb. 16, 2007); Doe ex rel. Doe v. State of Hawaii Dep't of Educ., 351 F. Supp. 2d 998 (D. Haw. 2004).

Although Defendant argues that Plaintiffs should not be granted leave to amend their FAC, the Court disagrees. When the Court dismisses a complaint pursuant to Rule 12(b)(6) it should grant leave to amend unless the pleading cannot be cured by new factual allegations. OSU Student All. v. Ray, 699 F.3d 1053, 1079 (9th Cir. 2012). Here, the Court finds that amendment would not be futile and the plausibility of the FAC can be cured by adding the proper defendant.[11] The Court,

---

[11] The Court notes that Plaintiffs' Section 1983 claim may be subject to dismissal if Plaintiffs solely change the name of the defendant in the complaint to the DOE without any additional allegations. See Romano v. Bible, 169 F.3d 1182, 1185 (9th Cir. 1999) ("The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state.") (citing Pennhurst v. Halderman, 465 U.S. 89, 100 (1984)); see also Durning v. Citibank, N.A., 950 F.2d 1419, 1422-23 (9th Cir. 1991) (stating the Eleventh Amendment bars virtually all suits seeking relief against a state, an "arm of the state," or its agencies).

15

therefore, dismisses the case without prejudice and allows Plaintiffs the opportunity to amend their FAC accordingly.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss First Amended Complaint Filed on August 22, 2017, ECF No. 73.  The Court dismisses the First Amended Complaint WITHOUT PREJUDICE.

Plaintiffs must file an amended complaint within thirty days of the entry of this Order or else judgment will be entered against them.  Any amended complaint must correct the deficiencies noted in this Order or Plaintiffs' claims may be dismissed with prejudice.

In light of the Court's ruling, the Court withdraws the Motions for Summary Judgment (ECF Nos. 84, 86).  The parties must file any new motions for summary judgment within thirty days from the date Plaintiffs file their second amended complaint.

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, December 18, 2017



Alan C. Kay
Sr. United States District Judge

S-A et al v. Hawaii School District, Civ. No. 16-00115 ACK-KJM, Order Granting Defendant's Motion to Dismiss First Amended Complaint Filed on August 22, 2017