IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

```
_____
                               )
K.S-A, a minor, and J.S-A, a minor,)
by and through Joshua Douglas  )
Franklin, as their Guardian Ad )
Litem                          )
                               )
          Plaintiffs,          )
                               )
    vs.                        ) Civ. No. 16-00115 ACK-KJM
                               )
STATE OF HAWAII, DEPARTMENT    )
OF EDUCATION                   )
                               )
          Defendant.           )
_____)
```

# ORDER DENYING PLAINTIFFS' MOTION FOR (1) INTERLOCUTORY APPEAL

## AND (2) STAY PENDING THAT APPEAL

For the reasons discussed below, the Court DENIES Plaintiffs' Motion for Interlocutory Appeal and for Stay Pending that Appeal ("June 4, 2018 Motion"), ECF No. 124.

### BACKGROUND

For purposes of the current motion, the Court discusses only those facts relevant to Plaintiffs' June 4, 2018 Motion.

On March 1, 2018, Plaintiffs filed a motion for partial summary judgment regarding their Title IX claims. ECF No. 109. On May 7, 2018, the Court held a hearing on that motion, ECF No. 119, and on May 9, 2018 issued an order denying that motion ("Partial Summary Judgment Order"), ECF. No. 120. In

1

that order, the Court found there to be genuine dispute of material fact regarding two of the Davis factors: whether the Plaintiffs suffered "sexual harassment . . . that is so severe, pervasive, and objectively offensive that it [could] be said to deprive [them] of access to the educational opportunities or benefits provided by the school," Davis ex rel. LaShonda D. v. Monroe Cty. Bd. of Educ., 526 U.S. 629, 650 (1999), and whether the Defendant was deliberately indifferent, id. See ECF No. 120 at 22–23, 45.

Following Plaintiffs' filing of the June 4, 2018 Motion, Defendant filed a memorandum in opposition on June 15, 2018. ECF No. 131 ("Opp."). On July 2, 2018, Plaintiffs filed a reply memorandum in support of their June 4, 2018 Motion. ECF No. 136 ("Reply").

It appears to the Court that a hearing in this matter is neither necessary nor appropriate. See Local Rule 7.2(d). After reviewing the briefing and relevant authorities, the Court hereby denies Plaintiffs' motion.

## DISCUSSION

Plaintiffs contend that the Court should permit them to file an interlocutory appeal under 28 U.S.C. § 1292(b); they ask in their Motion that the Partial Summary Judgment Order be amended to state that the necessary conditions for interlocutory

review have been met and that the remainder of the case be stayed pending appeal. June 4, 2018 Mot. at 1.

Courts have explained that a "movant seeking an interlocutory appeal [under 28 U.S.C. § 1292(b)] has a heavy burden to show that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978) (internal quotation marks and citation omitted); see also James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1067 n.6 (9th Cir. 2002) ("Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly."); Du Preez v. Banis, No. CIV. 14-00171 LEK-RLP, 2015 WL 857324, at *1 (D. Haw. Feb. 27, 2015) (collecting cases). Certification for interlocutory appeal under § 1292(b) is only appropriate where: (1) The order involves a controlling question of law; (2) a substantial ground for difference of opinion exists as to that question; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation.

I.  **Whether the Partial Summary Judgment Order Involves a Controlling Question of Law**

At the outset, the Court notes that Plaintiffs' arguments in support of the June 4, 2018 Motion seem to center around Plaintiffs' disagreement with the substance of the

Court's decision to deny them partial summary judgment. Given the adverseness of that decision to Plaintiffs' interests, such disagreement is perhaps understandable—but § 1292(b) is not a vindicatory vehicle for mere difference of opinion or an opportunity for a "do-over" after an unfavorable result.[1] Rather, litigants seeking the certification of an order for interlocutory appeal must at the outset identify a controlling question of law involved in the at-issue order. See § 1292(b). This Plaintiffs have failed to do.

A question of law is controlling if the resolution of the issue on appeal could "materially affect the outcome of litigation in the district court." In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1981), aff'd sub nom. Arizona v. Ash Grove Cement Co., 459 U.S. 1190 (1983) (citation omitted). A "question of law" under § 1292(b) means a "pure question of law" rather than a mixed question of law and fact or the application of law to a particular set of facts.[2] Chehalem

---

[1] The Court notes that, if Plaintiffs believed the Court to have committed a "[m]anifest error of law or fact" in its Partial Summary Judgment Order, they were permitted by Local Rule 60.1 to move on that basis for reconsideration of the order within fourteen days of the written order's filing. Plaintiffs made no such motion.

[2] Questions of law appropriate for interlocutory appeal include, for example, "'the determination of who are necessary and proper parties, whether a court to which a cause has been transferred has jurisdiction, or whether state or federal law should be applied.'" In re Cement Antitrust Litig., 673 F.2d at 1026–27 (Continued . . .)

Physical Therapy, Inc. v. Coventry Health Care, Inc., No. 09-CV-320-HU, 2010 WL 952273, at *3 (D. Or. Mar. 10, 2010) (collecting cases); see also McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1259 (11th Cir. 2004) (Section "1292(b) appeals were intended, and should be reserved, for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts"); Ahrenholz v. Bd. of Trs., 219 F.3d 674, 677 (7th Cir. 2000) (stating that a question of law is one that presents an abstract legal issue that can be decided "quickly and cleanly without having to study the record").

    Plaintiffs contend that "there is a controlling question of law whether the undisputed facts on their own require a favorable finding on each element, without regard to the disputed facts." Reply at 2; see also June 4, 2018 Mot. at 4 ("As a matter of law, there is a substantial difference of opinion as to whether the other two elements of the Title IX

---

(quoting United States v. Woodbury, 263 F.2d 784, 787 (9th Cir. 1959)). See, e.g., Hawaii ex rel. Louie v. JP Morgan Chase & Co., 921 F. Supp. 2d 1059, 1066 (D. Haw. 2013) (finding a controlling question of law where a party challenged the court's reading of United States Supreme Court precedents); Leite v. Crane Co., No. CIV. 11-00636 JMS-RLP, 2012 WL 1982535, at *6 (D. Haw. May 31, 2012) (finding the issue of what "evidentiary burden a defendant must carry in establishing a colorable federal defense" to be a controlling question of law).

[sic] likewise should have been found.").[3] As noted above, Plaintiffs' overarching argument appears to come down to raw disagreement with the Court's decision to deny them partial summary judgment. See, e.g., Reply at 4 ("[N]o reasonable fact-finder could have found that the harassment was not severe, pervasive, and objectively offensive."). Far from posing any pure or abstract questions of law, Plaintiffs would seek interlocutory appeal regarding the application of law to a particular set of facts, and specifically the manner in which this Court applied Title IX and related case law to the facts before it on summary judgment. But "Section 1292(b) was not designed to secure appellate review of 'factual matters' or of the application of the acknowledged law to the facts of a particular case, matters which are within the sound discretion of the trial court." Hulmes v. Honda Motor Co., 936 F. Supp. 195, 210 (D.N.J. 1996), aff'd, 141 F.3d 1154 (3d Cir. 1998) (citation omitted); see also Ahrenholz, 219 F.3d at 677 ("'[Q]uestion of law' means an abstract legal issue rather than an issue of whether summary judgment should be granted.").

---

[3] The Court declines to consider those of Plaintiffs' arguments raised for the first time in their Reply. See Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.") (citation omitted).

Plaintiffs' fact-bound line of inquiry is plainly not adherent to § 1292(b)'s requirement that an order certified for interlocutory appeal involve a "controlling question of law," and nor does the Court perceive any other controlling question of law in its Partial Summary Judgment Order. An interlocutory appeal from that order is therefore inappropriate.

II. **Whether a Substantial Ground for Difference of Opinion Exists**

There is a "substantial ground for difference of opinion" if there is a genuine dispute over the question of law that is the subject of the appeal. In re Cement Antitrust Litig., 673 F.2d at 1026; see also Couch v. Telescope, Inc., 611 F.3d 629, 633 (9th Cir. 2010) ("To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear.").

Absent a controlling question of law, Plaintiffs necessarily cannot make the requisite showing that any "substantial ground for a difference of opinion" exists over the question of law at issue. See In re Cement Antitrust Litig., 673 F.2d at 1026; Couch, 611 F.3d at 633.

III. **Whether the Proposed Interlocutory Appeal Will Materially Advance the Ultimate Termination of the Litigation**

A district court generally should not permit an interlocutory appeal where doing so would prolong litigation

7

rather than advance its resolution. Fenters v. Yosemite Chevron, 761 F. Supp. 2d 957, 1005 (E.D. Cal. 2010). Courts within the Ninth Circuit have held that resolution of a question materially advances the termination of litigation if it "facilitate[s] disposition of the action by getting a final decision on a controlling legal issue sooner, rather than later [in order to] save the courts and the litigants unnecessary trouble and expense." See United States v. Adam Bros. Farming, Inc., 369 F. Supp. 2d 1180, 1182 (C.D. Cal. 2004); see also In re Cement Antitrust Litig., 673 F.2d at 1026 (stating that § 1292(b) is used "only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation").

In light of the fact that the parties are scheduled to go to trial on October 2, 2018—i.e., in less than three months' time—the Court cannot help but conclude that interlocutory appeal from its Partial Summary Judgment Order would prolong this litigation rather than advance its resolution. In any case, as with the issue of whether a substantial ground for difference of opinion exists, the question of whether interlocutory appeal would materially advance the ultimate termination of this litigation is mooted by the absence of a controlling question of law.

## **CONCLUSION**

For the foregoing reasons, the Court DENIES Plaintiffs' Motion for Interlocutory Appeal and for Stay Pending that Appeal, ECF No. 124.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, July 16, 2018.



Alan C. Kay
Sr. United States District Judge

K.S-A v. Hawai'i, Dept. of Educ., Civ. No. 16-00115 ACK-KJM, Order Denying Plaintiffs' Motion for Interlocutory Appeal and for Stay Pending that Appeal.